# HUTCHINGS, et al. v. BEASLEY f/t/u/b of TRAVELERS INDEMNITY CO.

## Case No. 83-315 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

April 8, 1985

## APPEARANCES OF COUNSEL

**Greg C. McGibney** for appellant.

**Steven R. Adamsky** for appellee.

Before FEDER, BARAD, RIVKIND,* JJ.

## OPINION OF THE COURT

PER CURIAM.

A Rule to Show Cause was issued by the Circuit Court of Dade County providing as follows:

THIS CAUSE having come before me upon Realtors' Suggestion for a Writ of Prohibition against Respondent herein, and the Court, after examining said Suggestion and having determined that said Suggestion states a prima facie case for the issuance of a Writ of

---

* Judge Rivkind was not present at oral argument.

Prohibition based on the facts and circumstances noted in said Suggestions, it is hereby

ORDERED AND ADJUDGED as follows:

1. That Respondent, THE HONORABLE THOMAS G. O'CONNELL, JUDGE IN THE COUNTY COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR DADE COUNTY, FLORIDA, is hereby directed to file with this Court and show cause, if any there be, why the Writ of Prohibition requested herein should not be issued, within twenty (20) days of the date of this Order, and further that Realtors shall have ten (10) days from the date of such filing by Respondent, to reply thereto.

2. That said Respondent, as of the date of this Rule to Show Cause, shall cease and desist from any and all further proceedings in Dade County, Case No. 81-4739 SP 05, including but not limited to a non-jury trial set for Tuesday, August 23, 1983, at 9:45 a.m.. Further that this Rule to Show Cause operates as automatic supersedeas as against any further proceedings in said County Court case, and said Respondent shall not proceed in any manner therein under possible penalty of sanctions.

DONE AND ORDERED in Chambers, Miami Dade County, Florida, this 19th day of August, 1983.

Copy of the Rule to Show Cause was delivered to the trial judge's chambers prior to the scheduled trial. Nevertheless, the judge chose to proceed with the scheduled trial and entered a directed verdict in favor of Appellee. Rule 9.420(c) of Florida Rules of Appellate Procedure provides as follows:

Method and Proof of Service.

(1) Same; How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or party shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of court. Delivery of a copy within this rule shall mean (a) handing it to the attorney or to the party, or (b) leaving it at his office with his clerk or other person in charge thereof. . .

It is obvious from the above that the trial court judge was properly served with the rule and therefore lacked the power to direct a verdict. Upon issuance of Rule to Show Cause and service upon the respondent, the court was divested of jurisdiction to proceed with the trial. Rule 9.100(f) of Florida Rules of Appellate Procedure provides:

102

Order to Show Cause. If the petition demonstrates a preliminary basis for relief, a departure from the essential requirements of law . . . the court may issue an order directing the respondent to show cause, within the time set by the court, why relief should not be granted. In prohibition proceedings, such orders shall stay further proceedings in the lower tribunal.

REVERSED